IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**CHRISTOPHER L. PASCHALL**                                                                 **PLAINTIFF**

V.                                           CASE NO. 5:22-CV-5126

**CHIEF OF POLICE FRANK GABLE,**
**Springdale Police Department;**
**CITY OF SPRINGDALE, ARKANSAS;**
**JOHN DOE CUSTODIAN OF THE RECORDS;**
**OFFICER JUSTIN INGRAM;**
**OFFICER CODY ROSS; OFFICER ROBERT STEWART;**
**OFFICER TRAVIS BYERS;**
**JEFF HARPER, City Judge and former Prosecutor;**
**and ATTORNEY MARK FREEMAN**                                                       **DEFENDANTS**

## ORDER

On August 31, 2022, the Honorable Christy Comstock, United States Magistrate Judge for the Western District of Arkansas, performed an initial screening of Plaintiff Christopher L. Paschall's Complaint pursuant to 28 U.S.C. § 1915(e)(2) and issued a Report and Recommendation ("R&R") (Doc. 22). Magistrate Judge Comstock recommends dismissing the Complaint due to the expiration of the statute of limitations. In the alternative, she recommends dismissal due to immunity principles or for failure to state plausible claims upon which relief may be granted. On September 19, 2022, Mr. Paschall filed a document objecting to the R&R, requesting appointment of counsel, and demanding that the Springdale Police Department produce certified records (Doc. 23). The Court has performed a *de novo* review of the case in accordance with 28 U.S.C. § 636(b)(1)(C).

Having reviewed the Complaint, the Court agrees with the R&R that the statute of limitations bars all of Mr. Paschall's claims. He argues in his objections that his claims are subject to equitable tolling because he was incarcerated in a county jail "for over

four years without any law library or lawbook" and without proper access to paper, envelopes and stamps; he was grieving the "severe loss of a family member"; and he was unable to "access" Washington County Circuit Court "to address these claims." (Doc. 23, pp. 1–2).

The Magistrate Judge determined that the most analogous statute of limitations in this case is Arkansas' three-year personal-injury statute found at § 16-56-105(3). All of Mr. Paschall's claims—with the exception, perhaps, of claim three—accrued in 2015, and Mr. Paschall waited until June 30, 2022, to file this lawsuit, which is four years past the deadline. As for claim three, the R&R explains that the facts related to this claim must have occurred by September 2018, which means the limitations period expired in September 2021.

Mr. Paschall does not dispute the accrual dates calculated in the R&R. Instead, he argues he is entitled to equitable tolling because he was in jail for a period of years, the conditions in the jail were such that he did not have ready access to writing materials, he experienced personal tragedies while in jail, and he had trouble filing suit in state court. Equitable tolling is appropriate in two situations: (1) "if there are 'extraordinary circumstances' beyond a movant's control that would keep him from filing in a timely fashion;" or (2) "if the government's conduct 'lulled' the movant into inaction through reliance on that conduct." *United States v. Hernandez*, 436 F.3d 851, 858 (8th Cir. 2006) (quoting *Maghee v. Ault*, 410 F.3d 473, 476 (8th Cir. 2005)). The Court finds that Mr. Paschall has failed to set forth extraordinary circumstances to justify tolling the statute of limitations. His objections are **OVERRULED**.

In addition, the Court agrees with the R&R's alternative claim-specific analysis in Sections III.B.–E. and finds that Mr. Paschall's claims would be subject to dismissal for the reasons stated—even if those claims had been timely filed.

**IT IS THEREFORE ORDERED** that the R&R is **ADOPTED IN ITS ENTIRETY** and the Complaint is **DISMISSED WITHOUT PREJUDICE** under 28 U.S.C. § 1915A.

**IT IS SO ORDERED** on this 20th day of September, 2022.

/s/ Timothy L. Brooks
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE