IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

CHRISTOPHER L. PASCHALL                                             PLAINTIFF

v.                             Civil No. 5:22-cv-05126

CHIEF OF POLICE FRANK GABLE,
Springdale Police Department; CITY OF
SPRINGDALE, ARKANSAS; JOHN DOE
CUSTODIAN OF THE RECORDS; OFFICER
JUSTIN INGRAM; OFFICER CODY ROSS;
OFFICER ROBERT STEWART; OFFICER
TRAVIS BYERS; JEFF HARPER, City Judge
and former Prosecutor; and
ATTORNEY MARK FREEMAN                                               DEFENDANTS

**ORDER**

Christopher L. Paschall ("Paschall"), an inmate of the South-Central Correctional Center in Licking, Missouri, filed this civil rights action on June 30, 2022, under the provisions of 42 U.S.C. § 1983. Because of various deficiencies in the application to proceed *in forma pauperis* ("IFP") and/or his certificate of account, Paschall was not granted IFP status until August 29, 2022. (ECF No. 20). The following day, the Clerk's fee collection order was entered. (ECF No. 21). On September 20, 2022, the case was dismissed without prejudice due to the expiration of the statute of limitations on his claims. (ECF No. 26). Alternatively, the case was dismissed due to immunity principles or for failure to state plausible claims on which relief may be granted. *Id*. Judgment was entered. (ECF No. 27).

On October 7, 2022, Pachall filed a Notice of Appeal. (ECF No. 28). His request for

1

leave to proceed IFP on appeal (ECF No. 29) was denied by this Court on October 31, 2022. (ECF No. 31). Specifically, in accordance with 28 U.S.C. § 1915(a)(3), the Court found any appeal would not be taken in good faith. *Id.* Paschall was advised that he could renew his motion with the Court of Appeals for the Eighth Circuit. *Id.*

On November 3, 2022, the Eighth Circuit directed Paschall to either pay the $505 filing fee or file a motion for leave to appeal IFP. (ECF No. 36). On January 12, 2023, a Mandate was entered dismissing the appeal for failure to prosecute. (ECF No. 37). The Mandate also assessed the $505 filing fee and remanded the matter to this Court for collection of the fee. *Id.* On January 13, 2023, the Clerk's fee collection order was entered. (ECF No. 38).

Paschall has now filed a combined motion to stop collection of the filing fees, set aside the judgment, "second" motion to voluntarily dismiss the appeal, and a motion to invoke the "mail rule." (ECF No. 40). According to Paschall, shortly after he filed his Notice of Appeal, he filed a motion to voluntarily dismiss his appeal with this Court. *Id.*

Review of the docket sheet indicates Paschall filed two documents with this Court after he filed his Notice of Appeal. The first was a document the Court interpreted as a Motion to Appeal IFP. (ECF No. 29). In the document, Paschall asserted he had already been granted IFP status and had filed the requisite form at that time. *Id.* The second document was a request for the Court to set aside the fee collection order. (ECF No. 30). Paschall asserted he did not have sufficient funds in his inmate account and that taking a percentage of the funds created a hardship on him. *Id.* Both Motions were denied. (ECF Nos. 31 & 32). He filed no motion to set aside the Order and Judgment of dismissal. He filed no motion to voluntarily dismiss the appeal; although, the Court notes Paschall would have been required to file any motion to dismiss the

appeal with the Eighth Circuit.  In the current motion, Paschall states he is again requesting to be allowed to dismiss his appeal.  It is too late for that.  The Eighth Circuit's Mandate was issued on January 12, 2023; and, as previously stated, any motion to dismiss would have to have been filed with the Eighth Circuit.

As to collection of the filing fee, "nothing allows the court to stop the collection of the filing fee once [it] authorize[s] a prisoner to proceed in forma pauperis [under 28 U.S.C. § 1915]." *Copley v. Henderson,* 980 F. Supp. 322, 323 (D. Neb. 1997).  "[T]he [Prisoner Litigation Reform Act (PLRA)] makes prisoners responsible for their filing fees the moment the prisoner brings a civil action." *In re Tyler,* 110 F.3d 528, 529-30 (8th Cir. 1997).  Thus, even when a prisoner is granted leave to proceed IFP, he is required to pay the full $350 filing fee by making payments on an installment basis.  28 U.S.C. § 1915(b)(1).  This is true even if the prisoner voluntarily dismisses the case, *Jackson v. N.P. Doge Realty Co.,* 173 F. Supp. 2d 951, 955 (D. Neb. 2001), or where the Court dismisses the case because it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks money damages from a defendant who is immune from suit. 28 U.S.C. § 1915(e)(2).

Similarly, the "assessment of appellate filing fees occurs upon the filing of a notice of appeal or the filing of a motion to proceed in forma pauperis . . . and fixes responsibility for payment sooner or later of the fees in full." *Henderson v. Norris,* 129 F.3d 481, 484 (8th Cir. 1997).  Thus, regardless "of the court's approach to the merits of the appeal, the prisoner's liability for the full payment of the [$505] appellate filing fees under the PLRA continues until full payment has been made which may be long after we have disposed of the appeal." *Id.*

For all these reasons, Paschall's Motion to Stop Collection of Filing Fees (ECF No. 40) is **DENIED.**

IT IS SO ORDERED this 23rd day of February 2023.

*Christy Comstock*
CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE